1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   ALEXANDER KOMARENKO,                  CASE NO. 1:07-cv-01473 OWW DLB PC

10                    Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                          RECOMMENDING DISMISSAL OF ACTION
11         v.                             FOR FAILURE TO STATE A CLAIM

12   WILLIAM H. McCARTHY, et al.,         (Doc. 1)

13                    Defendants.
     _____/
14

15                           **Screening Order**

16   **I.      Screening Requirement**

17         Plaintiff Alexander Komarenko ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19   October 10, 2007.

20         The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

                                              1

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

7  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

8  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

10  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **II.     Summary of Plaintiff's Complaint**

12  Plaintiff is currently incarcerated at Pleasant Valley State Prison.  Plaintiff names district

13  attorney William H. McCarthy, public defender Mark D. Owens, Judge J. Stuart, court reporter

14  Laurie McCumber, court reporter Cindee LeFevre, and Becki Stine as defendants ("defendants") in

15  this action.  Plaintiff alleges that defendants prevented him from receiving a fair trial and prevented

16  him from presenting a defense.  Plaintiff contends that he is now unlawfully imprisoned.  Plaintiff

17  alleges violation of the First, Eighth, Ninth and Fourteenth Amendments.  Plaintiff requests

18  declaratory relief, money damages, and a new trial or rehearing.

19  When a prisoner challenges the legality or duration of his custody, or raises a constitutional

20  challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas

21  corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990),

22  <u>cert.</u> <u>denied</u> 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly

23  unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or

24  sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

25  tribunal authorized to make such determination, or called into question by a federal court's issuance

26  of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487-88 (1994).

27  "A claim for damages bearing that relationship to a conviction or sentence that has not been so

28  invalidated is not cognizable under § 1983." <u>Id</u>. at 488.

1    In the present case, plaintiff raises a constitutional challenge regarding the legality of his

2    custody, and seeks money damages for an allegedly unconstitutional imprisonment.  Plaintiff's sole

3    remedy is a writ of habeas corpus.  Plaintiff's complaint does not state any claim for relief under 42

4    U.S.C. § 1983.

5    **III.    Conclusion**

6    Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for

7    failure to state a claim upon which relief may be granted.

8    These Findings and Recommendations will be submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

10   **days** after being served with these Findings and Recommendations, plaintiff may file written

11   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

12   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

13   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

14   1153 (9th Cir. 1991).

15   IT IS SO ORDERED.

16   **Dated:    June 16, 2008**                    _____ **/s/ Dennis L. Beck** _____

17                                                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28